## CONFIDENTIAL SETTLEMENT AGREEMENT AND
## RELEASE OF ALL CLAIMS

This Agreement is made and entered into by and between "WIGGINS," as defined herein, "GARRETT," as defined herein, and "JEDSON," as defined herein. WIGGINS and GARRETT are sometimes referred to collectively as "the Plaintiffs." WIGGINS, GARRETT, and JEDSON are sometimes referred to collectively as "the Parties."

WHEREAS, on December 10, 2019, WIGGINS filed his Original Collective Action Complaint against JEDSON in the U.S. District Court for the Eastern District of Tennessee, at Chattanooga (No. 1:19-cv-00354);

WHEREAS, on December 11, 2019, GARRETT filed a Notice of Filing Notice of Consent with the Court as an opt-in plaintiff in this lawsuit; and

WHEREAS, the Parties seek to settle fully and finally all claims in the above-referenced Complaint, as well as all other wage and hour claims, actions, or disputes WIGGINS and GARRETT may have, or later learn to have, against JEDSON as of the date of their execution of this Agreement;

NOW, THEREFORE, in consideration of the terms and conditions set forth in this Agreement, the Parties agree as follows:

1. Definitions. As used herein, the following terms shall have these meanings:

   a. "WIGGINS" shall mean Jeremy Wiggins, together with his heirs, attorneys, and assigns;

   b. "GARRETT" shall mean Daniel (Shane) Garrett, together with his heirs, attorneys, and assigns;

   c. "JEDSON" shall mean Jedson Engineering, Inc., an Ohio corporation, together with any parent, subsidiary, or affiliate entities.

   d. "Complaint" shall mean the Original Collective Action Complaint filed by WIGGINS against JEDSON pending in the U.S. District Court for the Eastern District of Tennessee, at Chattanooga (No. 1:19-cv-00354);

   e. "Effective Date of this Agreement" shall be the date on which an executed original of this Agreement has been delivered by WIGGINS and GARRETT to JEDSON's attorney.

2. Total Settlement Amount. JEDSON agrees to pay, via check, the following amounts in full, final, and complete settlement of all wage and hour claims WIGGINS and/or


Wiggins' Initials
Garrett's Initials

GARRETT have or could have asserted against JEDSON as of the Effective Date of this Agreement:

    a.    The sum of $4,913.14, payable to Jeremy Wiggins, as back wages and compensatory damages suffered as a result of the allegations in the Complaint, with half reported on a Form 1099 and half attributable to W-2 wages;

    b.    The sum of $6,888.81, payable to Daniel Garrett, as back wages and compensatory damages suffered as a result of the allegations in the Complaint, with half reported on a Form 1099 and half attributable to W-2 wages;

    c.    The sum of $9,198.05, payable to Josephson Dunlap LLP, for attorney fees and expenses.

    d.    JEDSON agrees that the checks referenced in this paragraph shall be delivered to WIGGINS and GARRETT's attorneys within the later of: (i) 10 business days of the Effective Date of this Agreement; or (ii) a court order granting the Parties' Motion for Approval of the Final Settlement Agreement.

    e.    JEDSON shall bear the costs of the employer's share of taxes to be paid on the W-2 portion of the payments to WIGGINS and GARRETT described in this Paragraph.

3.    <u>Tax Consequences of Allocated Settlement</u>. WIGGINS and GARRETT acknowledge that any added taxes or assessments by the Internal Revenue Service (or any state or local tax authority) that may become due as a result of any payment or transaction contemplated by this Agreement are their individual responsibility. WIGGINS and GARRETT agree to hold JEDSON harmless with respect to any such taxes. Further, nothing contained herein shall be construed or relied upon as advice or opinion by or on behalf of JEDSON regarding the tax treatment of the payments under this Agreement.

4.    <u>General Release</u>. WIGGINS and GARRETT agree to release JEDSON, together with its present, past, or future directors, officers, employees, agents, attorneys, assigns, parents, successors, affiliates, and insurers, from any and all claims, demands, charges, complaints, liabilities, obligations, actions, causes of action, suits, costs, expenses, losses, attorney fees, and damages of any nature whatsoever, known or unknown, for relief of any nature at law or in equity, which WIGGINS and GARRETT now have, own, or hold, or claim to have, own, or hold, or which they at any time heretofore had, owned, or held, or claimed to have, own, or hold against them, including, but in no way limited to, any claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and any other analogous state or local laws governing the payment of



Wiggins' Initials
Garrett's Initials

Page 2 of 7

Jedson's Initials

regular or overtime wages, arising out of work performed during workweeks and corresponding pay periods that WIGGINS and GARRETT respectively were employed by JEDSON..

5. Dismissal of Complaint. WIGGINS and GARRETT agree to take all steps necessary to dismiss, with prejudice and on the merits, the Complaint. The Parties will not seek court-approval but rather within one business day of all Parties executing the Agreement, the Parties will jointly dismiss the case with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). , Should the court elect not to approve dismissal, the Parties shall make reasonable efforts to cure the Court's concerns that precluded dismissal, and if feasible, to resubmit a joint request for dismissal within thirty (30) days. If the dismissal is not approved as resubmitted or if the Parties are not able to reach another agreement, then the Agreement remains null and void and the Parties remain returned to their respective status as of the date immediately prior to execution of this Agreement. If this Agreement is nullified, this Agreement shall not be used in evidence or argument in any other aspect of the Litigation, or in any other dispute, proceeding, or litigation.

6. Waiver of Reinstatement. WIGGINS and GARRETT agree that they will not hereafter be employed or reemployed by JEDSON, that they will not hereafter apply for or otherwise seek employment with JEDSON, and that they specifically waive any right to reinstatement or consideration for reemployment in the future. Furthermore, the Parties agree that this Agreement shall constitute a valid, non-discriminatory, non-retaliatory, and legitimate reason for JEDSON to not employ WIGGINS or GARRETT in the future or consider them for future employment.

7. Confidentiality. The Parties agree that they will keep the terms and amount of this Agreement completely confidential and that they will not hereafter disclose any information concerning this Agreement to any person or entity other than their attorneys and/or professional tax advisors, except as required by law; provided that, those individuals will be deemed their agents and, therefore, also bound by this agreement. The Parties further agree that any response to a press inquiry or request for public comment related to the Lawsuit or its settlement shall be limited to a reference to the court pleading approving this Agreement. In addition, the Parties agree that they will refrain from disparaging each other, including JEDSON's employees, its officers, and its services, in any form or fashion, except as required by law. The Parties recognize and acknowledge that strict confidentiality is material to this Agreement. Any violation of this section by either Party shall be considered a material breach of this Agreement, and that the breaching Party shall be liable to the non-breaching Party or Parties under the paragraph titled "Remedy for Breach," below.

8. Remedies Upon Breach. In the event that it is determined by a court of competent jurisdiction that a Party has breached its obligations under this Agreement, the breaching Party shall be liable for all damages caused by the breach, including but not limited to attorney fees and expenses; provided that this provision shall not limit or restrict the recoverability of damages under state or federal law.

Wiggins' Initials

Garrett's Initials

Page 3 of 7

Jedson's Initials

9. <u>No Admission</u>. WIGGINS and GARRETT recognize and acknowledge that this Agreement does not constitute and shall not be construed as an admission of any acts of misconduct by JEDSON. JEDSON does not admit, and in fact specifically denies, any wrongdoing, liability, or culpability arising out of, related to, or connected with WIGGINS and/or GARRETT's employment with JEDSON. WIGGINS and GARRETT acknowledge that they subsequently may discover facts in addition to or different from those that they now know or believe to be true with respect to their employment with JEDSON, and that they may have sustained or may yet sustain damages, costs, or expenses that are presently unknown and that relate to regular and/or overtime wage payments during their employment with JEDSON. WIGGINS and GARRETT acknowledge, however, that the Parties have negotiated, agreed upon, and entered into this Agreement in light of that situation. To the extent allowed by law, WIGGINS and GARRETT waive any and all rights that they may have under any state or federal statute or common-law principle that would otherwise limit the effect of this Agreement to wage and hour claims known or suspected as of the Effective Date of this Agreement.

10. <u>Other Claims</u>. WIGGINS and GARRETT's attorneys represent and warrant that they currently are not representing any person or entity other than WIGGINS and GARRETT who have indicated any interest in filing any claim against JEDSON.

11. <u>Governing Law</u>. This Agreement shall in all respects be interpreted, enforced, and governed under the laws of the State of Tennessee.

12. <u>Jurisdiction of the Court</u>. The United States District Court for the Eastern District of Tennessee, Chattanooga Division ("the Court") shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for this purpose.

13. <u>No Waiver</u>. No waiver of any term or condition contained in this Agreement shall be effective unless made or confirmed in writing by the person or entity alleged to have waived the right. Unless that writing expressly states otherwise, no such waiver shall be construed as a waiver of a subsequent breach or failure of the same term or condition or a waiver of any other term or condition contained in this Agreement.

14. <u>Amendment or Modification</u>. This Agreement may be amended or modified only by a subsequent written agreement signed by counsel for all Parties or their successors in interest.

15. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between them pertaining to the subject matter of this Agreement. <u>Severability</u>. Should any portion of this Agreement be declared or be determined to be illegal, invalid, or unenforceable, the validity of

_JWW_
Wiggins' Initials

_SG_
sG
Garrett's Initials

Page 4 of 7

Jedson's Initials

Case 1:19-cv-00354-DCLC-CHS   Document 65   Filed 12/28/20   Page 4 of 7   PageID #: 416

the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, invalid, or unenforceable part, term, or provision shall be deemed not to be a part of this Agreement.

16. <u>No Liens on or Assignment of Claims</u>. WIGGINS and GARRETT represent and warrant that there are no liens on the claims pursued by them against JEDSON in the Complaint or which could have been pursued by them against JEDSON in the Complaint. WIGGINS and GARRETT further represent and warrant that they are the sole owners of and have not sold, pledged, assigned, granted, or otherwise transferred the claims described in the Complaint or which could have been pursued by them against JEDSON in the Complaint.

17. <u>Opportunity To Review</u>. WIGGINS and GARRETT represent and acknowledge that they have carefully read and understand all the provisions of this Agreement, and that they are voluntarily entering into this Agreement. WIGGINS and GARRETT further acknowledge and confirm that the only consideration for them signing this Agreement are the terms and conditions stated in writing in this Agreement, and that no other promise or agreement of any kind, other than those set out in writing in this Agreement, has been made to them by any person to cause them to sign this Agreement.

18. <u>Computation of Time.</u> For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by Fed. R. Civ. P. 6(a)(6)), such time period shall be continued to the following business day.

19. <u>Authorization to Enter into Settlement Agreement.</u> Counsel for all Parties are expressly authorized by the Parties whom they represent to enter into this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effectuate the implementation of the Settlement Agreement.

20. <u>Cooperation and Drafting.</u> The Parties have cooperated in the drafting and preparation of this Settlement Agreement; hence the drafting of this Settlement Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Settlement Agreement were negotiated at arms' length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

21. <u>Counterparts.</u> This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

Wiggins' Initials

Garrett's Initials

Page 5 of 7

Jedson's Initials

Case 1:19-cv-00354-DCLC-CHS   Document 65   Filed 12/28/20   Page 5 of 7   PageID #: 417

22. No Claim Based Upon Distributions or Payments in Accordance with this Agreement. No person shall have any claim against JEDSON, WIGGINS, GARRETT, Plaintiffs' Counsel, or JEDSON's Counsel based on distributions or payments made in accordance with this Agreement.

23. JEDSON's Legal Fees. JEDSON's legal fees and expenses in this litigation shall be borne by JEDSON.

**IN WITNESS WHEREOF,** the Parties have voluntarily executed this Agreement. By executing this Agreement, each party stipulates, agrees, and warrants as follows:

- (i) that the terms of this Agreement are reasonable;

- (ii) that the person executing this Agreement has carefully read and understands all of the provisions of this Agreement and is voluntarily entering into this Agreement;

- (iii) that the person executing this Agreement will not challenge or contest in any way the capacity or authority of any party hereto to enter into this Agreement; and

- (iv) that the person executing this Agreement has the necessary and appropriate authority and capacity to execute this Agreement and to make this Agreement fully binding upon and enforceable against himself, herself or the entity he represents.

**REMAINDER OF PAGE LEFT INTENTIONALLY BLANK.
SIGNATURE PAGE FOLLOWS.**

Wiggins' Initials

Garrett's Initials

Page 6 of 7

Jedson's Initials

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Date: Dec 3, 2020

*[signature]*
JWW (Dec 3, 2020 06:59 CST)
JEREMY WIGGINS

Date: Dec 7, 2020

*Shane Garrett*
Shane Garrett (Dec 7, 2020 11:18 EST)
DANIEL (SHANE) GARRETT

JEDSON ENGINEERING, INC.

Date: 12/7/20

By: *[signature]*
Title: General Counsel