UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| JEREMY WIGGINS, individually and for others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | 1:19-CV-00354-DCLC-CHS |
| v. | ) ) | |
| JEDSON ENGINEERING, INC., | ) ) | |
| Defendant. | ) | |

**ORDER**

On December 10, 2020, the parties filed a Joint Motion to Approve Settlement and to Dismiss Lawsuit with Prejudice [Doc. 63] in which they requested approval and *in-camera* review of the FLSA settlement agreement. On October 14, 2020, the Court, citing the strong public interest in the openness of judicial records and the purpose of the FLSA, held that the parties failed to assert sufficient reasons for *in-camera* review [Doc. 64]. The Court gave the parties until December 28, 2020 to either (1) file a brief detailing why *in camera* review of the settlement agreement would be appropriate or (2) file the settlement agreement [*Id*.]. On December 28, 2020, the parties filed the settlement agreement.

In approving an FLSA settlement agreement, the Court must "conclude that it fairly and reasonably resolves a bona fide dispute over FLSA provisions and that the lawsuit has in fact provided the adversarial context to protect the employee's interests from employer overreaching." *Thompson v. United Stone, LLC*, No. 1:14-CV-224, 2015 WL 867988, at *1 (E.D. Tenn. Mar. 2, 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir.1982)).

Here, a bona fide dispute exists regarding whether Defendant paid Plaintiffs "straight time for overtime" in violation of the FLSA or properly classified them as exempt employees paid on a

salary basis. The parties' settlement agreement provides division of the Net Settlement Amount between the Plaintiffs on a *pro rata* basis [Doc. 63, pg. 7]. This division results in Plaintiffs receiving 85% of their alleged overtime back pay [*Id*.].[1] Additionally, the settlement agreement provides for attorney's fees and expenses amounting to 40% of the Gross Settlement Amount— totaling $9,198.05 [Doc. 65, ¶ 2(c)].

Upon review of the agreement, the Court finds that the terms fairly and reasonably resolve a bona fide dispute over provisions of the FLSA. *See Thompson v. United Stone, LLC*, No. 1:14-CV-224, 2015 WL 867988, at *1 (E.D. Tenn. Mar. 2, 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir.1982)). Therefore, the Joint Motion to Approve Settlement and to Dismiss Lawsuit with Prejudice [Doc. 63] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to close this case.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge

---

[1] The named Plaintiff, Jeremy Wiggins, will receive "[t]he sum of $4,913.14" and the opt-in Plaintiff, Daniel Garett, will receive "[t]he sum of $6,888.81" [Doc. 65, ¶¶ 2(a)-(b)].